## Wilhelm v. Borough of Braddock

*Joseph J. Chester,* for plaintiff.
*M. Lawrence Shields III,* for defendants.

FRIEDMAN, *J.,* February 5, 1996—

## INTRODUCTION

Defendants filed preliminary objections to the plaintiff's amended complaint, which arises under the Whistleblower Law, 43 P.S. §1421 et seq. The preliminary objections raise two questions for this court's decision: first, whether the amended complaint lacks the specificity required by the rules of court, and second, whether plaintiff is entitled to a jury trial where the relevant legislation does not specifically grant such a right. The first preliminary objection was overruled after

oral argument and will not be discussed further herein. The second preliminary objection was taken under advisement.

After a review of the cases cited and the oral arguments and briefs of counsel, the court concludes that there is no right to a trial by jury in cases brought under the Whistleblower Law. There is no appellate law on all fours to guide us, but there is a well reasoned opinion by the Court of Common Pleas of Lancaster County, *Clark v. Lancaster City Housing Authority,* 14 D.&C.4th 411 (1992). That court's discussion of the jury trial question only is adopted by this court. Supplemental comments follow.

## DISCUSSION

Plaintiff asserts that Pennsylvania courts have recognized the existence of a "common-law" action (in tort) for wrongful discharge, deduces that therefore there was such an action in the late 18th century under the common law of England, and then concludes that there would be a right to a jury trial where a discharge is recognized as "wrongful" by reason of the Whistleblower Law. Plaintiff in particular relies on the fiction of courts "discovering" the common law which has supposedly always existed, and which the courts then use to justify various unspecified conclusions. Assuming, arguendo, that there is such a fiction, there is nevertheless another important attribute of the "common law:" it evolves, albeit "from usages and customs of immemorial antiquity," to quote Black's Law Dictionary 250 (5th ed. 1979).

The Pennsylvania Supreme Court, in dealing with wrongful discharge, has always made it clear that the general rule is that, with few exceptions, employment

is "at will." One exception, of course, is where there is a contract for employment for a specified time period. The other exceptions arise out of "public policy" considerations which the Supreme Court has found justify disregarding the general (i.e., "common law") at-will presumption even though no express statute exists stating the public policy involved.

The Whistleblower Law is an express statement by the legislature that it is wrong to fire certain employees for certain reasons in certain circumstances. Since the Whistleblower Law can be said to be in derogation of the common law (which regards employment as being at will), it cannot be said to be an "expression" or a "discovering" of the common law. Rather, it is a clear direction to the courts and to certain employers that firing an employee whose only failure is reporting the wrongdoing of his employer is against the public policy of Pennsylvania and will not be allowed by the legislature.

It is well-settled that "jury trials are not available in proceedings created by statute unless the statute so provides, or unless the proceeding has a basis in common law." *Friedman Appeal,* 72 Pa. Commw. 274, 283, 457 A.2d 983, 988 (1983). There being no provision for a jury trial in the Whistleblower Law, and there having been no common-law action for wrongful discharge at the time of the Pennsylvania Constitution, there is no right in this instance to a trial by jury. (The question of whether or not all parties in a Whistleblower action could consent to a jury trial is not before this court and will therefore not be discussed.)

## CONCLUSION

The preliminary objection to the plaintiff's demand for a jury trial must be sustained. See order attached.

214

## ORDER

And now, to wit, February 5, 1996, after consideration of the preliminary objections of defendants to plaintiff's amended complaint, it is hereby ordered that the preliminary objection based on insufficiency is overruled and the preliminary objection to the plaintiff's demand for a trial by jury is sustained and said demand is stricken. See memorandum in support of order filed herewith.

Defendants' answer to the amended complaint shall be filed within 20 days from the date of this order.